1  NEWHOPE LAW, PC
   CLEMENT CHENG (CA Bar #198359)
2  4522 Katella Ave, Suite 200
   Los Alamitos, CA 90720
3  (714) 825-0555

4  Attorney for Plaintiff
   BIKE BUILDERS BIBLE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| BIKE BUILDERS BIBLE, INC., a California corporation, | CASE NO: 8:17-cv-02227 |
|---|---|
| Plaintiff, | COMPLAINT FOR: |
| vs. | DECLARATORY RELIEF FOR NONINFRINGEMENT OR INVALIDITY OF UNITED STATES PATENTS 9,211,933 AND 9,434,442 |
| Hyun-Eui Lee, an individual, | |
| Defendants. | DEMAND FOR JURY TRIAL |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Bike Builders Bible, Inc.("Bike Builders"), through counsel, hereby brings its Complaint for Declaratory Judgment against Hyun-Eui Lee, an individual ("Lee"), and alleges as follows:

**INTRODUCTION**

1. This is a declaratory judgment action seeking a declaration of non-infringement of United States Patent No. 9,211,933 ("hereinafter the '933 patent"), United States Patent No. 9,434,442 ("hereinafter the '442 patent"), entitled "Steering Shaft Modifier" which relates to the modification of a motorcycle neck.  Vince Costa invented a noninfringing improvement to the device in the '933 and '442 patent US Patent 9,079,631 entitled Motorcycle Fork Adapter. ("hereinafter the '631 patent").  Bike Builders under license then sold product made according to the '631 patent which did not infringe the '306 patent because a key limitation, the 'shaft coupling part' was omitted per claim 1 of the '442 patent and claim 1 of the '933 patent; and the 'shaft' was omitted per claim 10 of the '933 patent.

2. Lee sent Bike Builders a cease and desist letter.

3. Bike Builders filed this action.

## THE PARTIES

4. Lee is a Korean national residing in Korea.

5. Bike Builders is a California Corporation with its principal place of business in Anaheim, California.

## JURISDICTION AND VENUE

6. This Complaint arises under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties to declare that Bike Builders is free to manufacture, use, market, sell, offer to sell, and/or import its proposed Bike Builders Product made according to, Vince Costa's US Patent 9,079,631 entitled Motorcycle Fork Adapter.

7. This Court has original jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Further, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332 as the amount in controversy exceeds $75,000, excluding interest and costs, and is between citizens of different States.

8. This Court has personal jurisdiction over Lee because they through their authorized agents, employees, and officers, transact business, have done business and solicit business in California, within this jurisdictional district and elsewhere.  On information and belief, Lee has substantial and continuous contacts with California, have purposefully availed itself of the privilege of doing business in California, and have through their claims of infringement affected the market for Bike Builders products in California.

9. Lee's threats of patent infringement affect Bike Builders' business in its products shipped to California customers and potential customers by creating uncertainty and confusion within this judicial district.

10. Venue is proper in this District under 28 U.S.C. §§ 1391 (b), (c), and 1400 (b). Venue is proper in this judicial district because the effects of the wrongful patent allegations are

felt in this judicial district.  Also, witnesses and evidence related to documents and design of the Bike Builders Fork Kit are located in this judicial district.  Lee is an alien so venue is proper.

## PATENT IN SUIT

11. The '933 patent indicates it was issued by the United States Patent and Trademark Office on December 15, 2015 and '442 patent on September 6, 2016.  A copy of the '933 and '422 patents are attached as Exhibit A.

12. According to the records at the United States Patent and Trademark Office, there are no assignments of the '933 and '422 patents.

## BACKGROUND

13. Both parties manufacture and sell a fork kit assembly to retrofit Harley-Davidson motorcycles to a custom motorcycle front end.

14. Lee claims Bike Builders' Fork Kit assembly infringes the '933 and '422 patents. Bike Builders' disputes infringement for numerous reasons, including but not limited to, (1) the 'shaft coupling part' and 'shaft' in the independent claims are not included in Bike Builders' product, and (2) the '933 and '422 patents are actually derived from Vince Costa because Moon Choppers, the bike shop of the defendant, used to be a customer of Vince Costa.

15. All research and development for the Bike Builders' Fork Kit was done in California.

16. Consumers are not able to purchase the Bike Builders' Fork Kit over the internet, but must call Bike Builders directly in California.

17. Moon Choppers received brochures informing them of the Insta Chop.  Lee knew of the Insta Chop but did not disclose it to the USPTO when he filed for his patents.

18. The Insta Chop was sold July 2008 which constitutes an on sale bar of the invention in the '933 and '422 patents.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '933 AND '422 PATENTS

19. Bike Builders repeats and realleges each of the allegations in paragraphs 1-18 as if fully set forth herein.

20. The Bike Builder's Bible fork kit is a retrofit kit for Harley-Davidson motorcycles to allow adaptation to a custom motorcycle front end.

Lee asserts United States patent 9,211,933 (the '933 patent). The '933 patent has one independent claim 1.

Claim 1 requires:

"...the frame comprises an upper block extending from an upper portion of the steering shaft penetrating portion, the upper block having a coupling hole formed therein, and wherein the coupling hole accommodates a shaft coupling part which is inserted into the steering shaft installation portion..."

Claim 10 requires:

"... a shaft penetrating through a steering shaft installation portion of the steering head..."

Lee asserts United States patent 9,434,442 (the '442 patent). The '442 patent has independent claim 1.

Claim 1 requires:

"...a frame covering at least a portion of a front surface of the steering head, wherein the frame is fixed to a steering shaft installation portion of the steering head, the frame comprises an upper block extending from an upper portion of the steering shaft penetrating portion, the upper block having a coupling hole formed therein, and wherein the coupling hole mounts a shaft coupling part which is inserted to the steering shaft installation portion; and..."

However, these elements are missing in the Bike Builder's Bible fork kit.

21. The 'shaft coupling part' and 'shaft' in the independent claims are not included in Bike Builders' product. Therefore, the parties have an actual controversy and potential customers in this judicial district are confused due to the lack of a ruling on the patent claims.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '933 AND '422 PATENTS

22. Bike Builders repeats and realleges each of the allegations in paragraphs 1-21 as if fully set forth herein.

23. The defendant derived the inventions of the asserted patents from Vince Costa's 2008 InstaChop design. The defendant's business was a customer of the plaintiff and had access and knowledge of Vince Costa's InstaChop design.  Although Lee made some minor changes, the asserted patents were derived from Vince Costa's InstaChop and therefore invalid.

24. Since the InstaChop was sold in commerce since before the filing date of the asserted patents, the asserted patents are invalid as obvious or anticipated.

## PRAYER FOR RELIEF

WHEREFORE, Bike Builders respectfully requests the Court enter judgment as follows:

A. Declaring that the claims of the '933 and '422 patents have not been infringed by Bike Builders' Motorcycle Fork Adapter made according to the '631 patent, and declaring that the claims of the '933 and '422 patents are invalid as obvious or anticipated by prior art and derived form Vince Costa;

B. Declaring that the manufacture, marketing, use, offer for sale, sale and/or importation of Bike Builders' Motorcycle Fork Adapter made according to the '631 patent have not infringed, do not infringe, and would not, if marketed, infringe or induce or contribute to the infringement by others of any claims of the '933 and '422 patents; and

C. Awarding costs and attorney's fees to Bike Builders and such other relief that the Court deems just and proper under the circumstances.

Plaintiff demands a jury.

Respectfully submitted,

Dated: December 21, 2016     By:   /Clement Cheng/
                                   CLEMENT CHENG
                                   Attorney for Plaintiffs (CA Bar #198359)
                                   NEWHOPE LAW, PC
                                   CLEMENT CHENG (CA Bar #198359)
                                   4522 Katella Ave, Suite 200
                                   Los Alamitos, CA 90720
                                   (714) 825-0555